**YU, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 95–199.**

United States Court of Veterans Appeals.

Nov. 20, 1998.

## ORDER

PER CURIAM:

On September 24, 1998, the Court received from the pro se appellant an untitled 37–page motion with a three-page attachment. On October 1, 1998, the Clerk of the Court (Clerk) notified the appellant that his motion was not accepted for filing because it exceeded the page limit for motions set forth in Rule 27(c) of the Court's Rules of Practice and Procedure (Rules). On October 7, 1998, the appellant filed a motion for reconsideration of the Clerk's action.

Rule 27(c) declares that the requirements in Rule 32 as to "length ... for principal

briefs apply to motions and responses". Rule 32(g) limits principal briefs to 25 pages. The Clerk correctly construed that Rule as applicable to the appellant's September 24, 1998, motion and hence did not file that motion and returned it to the appellant. The Court construes the appellant's October 7, 1998, motion as also a motion for permission to exceed the page limit and will deny the motion as so construed.

Finally, the Court has determined that this case, in which the Notice of Appeal (NOA) was filed on December 18, 1992, and in which the appellant has filed with the Court more than 60 motions, other pleadings, or communications to date, and in which the appellant filed a brief on July 29, 1993, and a supplemental brief on March 21, 1996, has consumed a disproportionate and inordinate amount of judicial and Court resources. Hence, the Court expressly finds good cause to suspend its usual Rules and will direct the Clerk to return to the appellant, without filing, any motion, other pleading, or communication, submitted by him, that mentions or discusses to any extent the redaction issue relating to the record on appeal in this case; or any motion, other pleading, or communication submitted by him while another motion, other pleading, or communication is pending in the Court; or any motion, other pleading, or communication submitted by him that exceeds five pages in length (except for a reply brief under Rules 28(c), 31(a), and 32, which may be no more than 15 pages in length and may address only matters raised in the Secretary's brief). *See* U.S. Vet.App. R. 2 ("[t]o expedite a decision, or for other good cause shown, this Court may suspend the application of any of these rules in a particular case and may order proceedings in accordance with its direction"), 28(c), 31(a), 32. Moreover, the Court will order that the Secretary proceed to file his brief within 30 days.

On consideration of the foregoing, it is

ORDERED that the appellant's motion for reconsideration of the Clerk's October 1, 1998, action is denied. It is further

ORDERED that the appellant's construed motion for permission to exceed the page limit in Rules 27(c) and 32(g) with respect to the motion he submitted on September 24, 1998, is denied. It is further

ORDERED that the Clerk will return to the appellant (1) any motion, other pleading, or communication, that he submits, that mentions or discusses to any extent the redaction issue relating to the record on appeal in this case, or (2) any motion, other pleading, or communication that he submits in this case while another motion, other pleading, or communication is pending in this Court, or (3) any motion, other pleading, or communication that he submits in this case that exceeds five pages in length (except for a reply brief as described above). *See* U.S. Vet.App. R. 2, 28(c), 31(a), 32. It is further

ORDERED that, not later than 30 days after the date of this order, the Secretary file, and serve on the appellant, the Secretary's brief. The Court notes that the case reverts to the single judge for further consideration.